UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JENNIFER PLACENCIA,

                            Plaintiff,

            - against -

CITY OF NEW YORK,
POLICE OFFICER BRETT STRAUSS (ID# 943848),
POLICE OFFICER(S) JANE/JOHN DOE(S) #1-3,

                            Defendants.
-----------------------------------------------------------------X

**COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES**

RECEIVED NOV 15 2012 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff, by his attorneys, **NASS & ROPER LAW, LLP**, complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION IN NEGLIGENCE

1. That the damages sought herein exclusive of interest, costs, and disbursements, exceed $75,000, and that this action is being commenced within the time allowed by law for institution of the action.

2. That at all times herein mentioned, Plaintiff, **JENNIFER PLACENCIA**, was, and still is, a resident of the City of New York, County of Queens and State of New York.

3. That at all times relevant and material herein, the Defendant, **CITY OF NEW YORK**, was, and still is, a municipal corporation, duly organized and existing under and by virtue of the Laws of the State of New York.

4. That prior hereto on May 24, 2012, and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when and place where the injuries and damages were sustained, together with Plaintiffs' demands for adjustment thereof, was duly served on the claimant's behalf on the Comptroller for the City of New York and that thereafter

said Comptroller for the City of New York refused or neglected for more than thirty (30) days, and up to the commencement of this action, to make any adjustment or payment thereof, and that thereafter, and within the time provided by law, this action was commenced.

5. That Defendant, **CITY OF NEW YORK**, had the right to conduct a hearing, pursuant to General Municipal Law § 50-h, regarding the facts and circumstances of the incident complained of herein, provided it gave notice within thirty (30) days of service of the aforesaid Notice of Claim, and that on August 16, 2012, the law firm of *Shapiro, Beilly & Aronowitz, LLP*, outside counsel for Defendant, **CITY OF NEW YORK**, conducted that hearing of Plaintiff, **JENNIFER PLACENCIA**, for which Plaintiff appeared and testified.

6. That upon information and belief and at all times herein mentioned, defendant, **CITY OF NEW YORK**, owned and operated a police department within the City of New York, known as the New York City Police Department, which includes the "102nd precinct," and whose police headquarters are located at 87-34 118th Street, Richmond Hill, NY 11418.

7. That upon information and belief and at all times herein mentioned, an individual known as **POLICE OFFICER BRETT STRAUSS (ID# 943848)**, was employed as a Police Officer by the New York City Police Department, with Tax Number "943848," and was assigned to and worked at the "102nd precinct," which had police headquarters located at 87-34 118th Street, Richmond Hill, NY 11418.

8. That, upon information and belief, at all times herein mentioned, **POLICE OFFICER JOHN/JANE DOE(S) #'S 1-3**, fictitious names whose identity is currently unknown, were employed as Police Officers, Detectives, or in some other capacity as an agents and/or employees of the New York City Police Department, an agency, department and/or subsidiary of Defendant, **CITY OF NEW YORK**.

2

9. That, upon information and belief, at all times herein mentioned, the individuals: **POLICE OFFICER BRETT STRAUSS (ID# 943848), POLICE OFFICER JOHN/JANE DOE(S) #'S 1-3**, as well as other Police Officer(s), Detectives, and/or other agents and/or employees of the New York City Police Department, underwent a training program in order to become Police officers, detectives, and/or agents and employees of Defendant, **CITY OF NEW YORK**, that included the proper procedures by which to approach, question, investigate, and if necessary, detain an individual suspected of a crime.

10. That on or about March 4, 2012, at approximately 7:00 p.m., Plaintiff, **JENNIFER PLACENCIA**, was returning home to her, then apartment located at 88-65 Eldert Lane, Queens NY 11421 from having dinner with her two young children at a restaurant.

11. That on or about March 4, 2012, at the above-mentioned time and location, Plaintiff approached her residence and noticed her landlord, Ramphal Anandwatie screaming and that a window had been damaged.

12. That on or about March 4, 2012, at the above-mentioned date and location, as Plaintiff, **JENNIFER PLACENCIA**, entered her apartment and for approximately 40-60 minutes later **POLICE OFFICER BRETT STRAUSS (ID# 943848), POLICE OFFICER JOHN/JANE DOE(S) #'S 1-3**, and/or other Police Officer(s), Detectives, and/or other agents and/or employees of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, while acting in the scope and furtherance of their employment, knocked on Plaintiff's, **JENNIFER PLACENCIA**, door to question her.

13. That on or about March 4, 2012, at the above-mentioned date and location, as Plaintiff, **JENNIFER PLACENCIA**, complied by answering all questions asked of her. Throughout the following 30-60 minutes, **POLICE OFFICER BRETT STRAUSS (ID#**

3

943848), and **POLICE OFFICER JOHN/JANE DOE(S) #'S 1-3** repeatedly asked if Plaintiff was the person who damaged the landlords property to which Plaintiff repeatedly denied nor had any knowledge of who may have done said damage.

14. That on or about March 4, 2012, at the above-mentioned date and location, as Plaintiff, **JENNIFER PLACENCIA,** informed **POLICE OFFICER BRETT STRAUSS (ID# 943848), and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-3,** repeatedly that the landlord had video cameras and instructed them to watch the videos of the security cameras.

15. That on or about March 4, 2012, at the above-mentioned date and location, as Plaintiff, **JENNIFER PLACENCIA,** further informed **POLICE OFFICER BRETT STRAUSS (ID# 943848), and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-3,** that she had a receipt showing she was at a restaurant during the time of the incident but Defendants were unwilling to look at said receipt.

16. That on or about March 4, 2012, at the above-mentioned date and location, as Plaintiff, **JENNIFER PLACENCIA,** further informed **POLICE OFFICER BRETT STRAUSS (ID# 943848), and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-3,** that this was purely retaliatory action as Plaintiff had filed approximately six incident information slips with the 102nd Precinct and that she had filed a lawsuit against the landlord prior. Defendants were unwilling to look at the incident slips or Complaint of the lawsuit filed.

17. That on or about March 4, 2012, at the above-mentioned date and location, as Plaintiff, **JENNIFER PLACENCIA,** further informed **POLICE OFFICER BRETT STRAUSS (ID# 943848), and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-3,** that the investigating officers were aware of this as she had recognized many of the officers presently on the scene from the precinct when Plaintiff went to file the incident reports.

18. That on or about March 4, 2012, at the above-mentioned date and location, as Plaintiff, **JENNIFER PLACENCIA**, was informed by **DEFENDANT POLICE OFFICER JOHN/JANE DOE(S) #'S 1-4**, who was light skinned, about 5 foot 6 inches and brown hair, that he was aware of the nature and relationship between the landlord and Plaintiff, **JENNIFER PLACENCIA**. Further, the Sergeant was aware that Plaintiff, **JENNIFER PLACENCIA**, tried to make a report against the landlord earlier that very morning for harassment.

19. That on or about March 4, 2012, at the above-mentioned date and location, Defendants **POLICE OFFICER BRETT STRAUSS (ID# 943848), and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-3**, watched the video recordings from the security cameras and stated to Plaintiff, **JENNIFER PLACENCIA** that despite having not scene her on the video, they were nevertheless going to arrest her. The Defendants stated they "ha[d] no choice" and that the Sergeant approved it.

20. That the aforesaid acts and/or omissions to properly investigate complaints and claims of the New York City Police Department, and Defendants, **CITY OF NEW YORK, DEFENDANTS POLICE OFFICER BRETT STRAUSS (ID# 943848), AND POLICE OFFICER JOHN/JANE DOE(S) #'S 1-3,** resulted in the unlawful arrest of Plaintiff, **JENNIFER PLACENCIA**, constituting intentional infliction of emotional distress, negligence, carelessness, negligent supervision, negligent entrustment of Police Officers, Detectives, and/or other agents and/or employees, who couched their activities, trust by Plaintiff and the general public, and Plaintiff's cooperation under the guise of official Police business, when in fact and while performing their duties, they abused their power and exerted negligent, intentional and/or reckless investigatory process and ultimate arrest upon Plaintiff, all

of which was totally without Plaintiff's consent, resulting in personal injuries as well as profound psychological trauma resulting in depression, feelings of worthlessness, lessening of self-esteem, which will have life long effects upon Plaintiff including but not limited to his ability to resume a normal and productive life, special damages, and loss of enjoyment of life, all of which are set forth in detail the enumerated causes of action set forth hereinbelow.

21. That the New York City Police Department, and Defendant, **CITY OF NEW YORK**, were careless, reckless, and negligent under the circumstances in the following manner but not limited thereto: In failing to avoid the happening of the incident involved herein; in failing to heed warnings; in failing to hire, train, and supervise efficient and sufficient personnel including Police Officer(s), Detective(s), and/or other agents and/or employees; in failing to comply with all applicable statutes, ordinances, rules, and regulations; in failing to exercise reasonable care in the hiring and retaining of employees; in failing to ascertain that an individual(s) was/were inappropriate and unsuitable for a particular job function or title, including as Police Officer(s), Detective(s), agents, and/or employees; in failing to monitor the subject situation; in lacking proper policy and training for investigatory procedure; in negligently conducting police duties; in failing to properly react to an individual who makes retaliatory claims; and all of defendants acts and/or omissions constituting negligence were a direct and proximate cause of the incident involved herein and injuries sustained therefrom.

22. That at all times mentioned herein, and based particularly on the March 4, 2012 events as more fully set forth hereinabove, the New York City Police Department and Defendant, **CITY OF NEW YORK,** are vicariously liable for the resulting injuries of the foregoing events of the individuals: **CITY OF NEW YORK, Defendants POLICE OFFICER BRETT STRAUSS (ID# 943848), and POLICE OFFICER JOHN/JANE**

**DOE(S) #'S 1-3**, and/or other Police Officer(s), Detectives, and/or other agents and/or employees of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, and/or other Police Officer(s), Detectives, and/or other agents and/or employees of Defendants, as the above-described acts and/or omissions were all perpetrated by Police Officer(s), Detectives, and/or other agents and/or employees of Defendant, within the scope and furtherance of their employment.

23. That, upon information and belief, the New York City Police Department, and Defendant, **CITY OF NEW YORK**, failed to adequately supervise, control, discipline, and/or otherwise prevent and penalize the conduct, and the acts of Police Officer(s), Detectives, and/or other agents and/or employees of Defendants involved in the incident herein, including their purported prior acts, and other related inappropriate behavior.

24. That, upon information and belief, at all times mentioned herein and particularly prior to March 4, 2012, the New York City Police Department, and Defendant, **CITY OF NEW YORK**, failed to take all reasonable steps to eliminate the aforesaid conduct of Police Officer(s), Detectives, and/or other agents and/or employees of Defendants, towards the public, including Plaintiff, and to prevent it from occurring in the future, and failed to adequately supervise, control, discipline, and/or otherwise prevent and penalize the conduct, and the acts of Police Officer(s), Detectives, and/or other agents and/or employees of Defendants, related to their purported prior acts of negligence conducting investigatory procedure surrounding retaliatory claims, including on Plaintiff, and other related inappropriate behavior.

25. That, upon information and belief, the New York City Police Department, and Defendant, **CITY OF NEW YORK**, had actual as well as constructive notice and knowledge concerning the propensities and negligence of its Police Officer(s), Detectives, and/or other

7

agents and/or employees prior to March 4, 2012, yet failed to take the necessary and timely steps to prevent the happening of the incident involved herein.

26. That by reason of the foregoing negligence on behalf of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, Plaintiff, **JENNIFER PLACENCIA**, has been caused to sustain serious personal injuries of body and mind as well as special damages and loss and/or diminution in his enjoyment of life, and that as a result of the foregoing, the Plaintiff, **JENNIFER PLACENCIA**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TWO HUNDRED THOUSAND ($200,000) DOLLARS.

### AS AND FOR A SECOND CAUSE OF ACTION
### FOR FALSE ARREST

27. That at all times herein mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained herein as though set forth at length herein.

28. That, at the above-mentioned date and location, immediately after the above-described altercation, Plaintiff was handcuffed by Police Officer(s), Detectives, and/or other agents and/or employees of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, and placed in a Police Vehicle and taken to the 102nd Precinct office of the New York City Police Department, located at 87-34 118th Street, Richmond Hill, NY 11418, and was fingerprinted while handcuffed.

29. Plaintiff, **JENNIFER PLACENCIA**, was then transferred to Central Bookings where a mug shot was taken. Plaintiff waited approximately twenty (20) hours to be seen by a Judge.

30. That Police Officer(s), Detectives, and/or other agents and/or employees of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, arrested Plaintiff, **JENNIFER PLACENCIA**, and charged her with PL 145.00 01 Criminal Mischief Fourth Degree despite the fact that Defendants knew claimants remarks were retaliatory and that proper investigation would require Defendants to review the receipt Plaintiff offered to show them which would have exonerated Plaintiff as a proper alibi; Police Officer(s), Detectives, and/or other agents and/or employees of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, who abused their authority by conducting a negligent investigation on Plaintiff.

31. That on or about March 4, 2012 at approximately 7:45 p.m., the individuals: **POLICE OFFICER BRETT STRAUSS (ID# 943848), and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-3**, as well as other Police Officer(s), Detectives, and/or other agents and/or employees of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, accused and arrested plaintiff, **JENNIFER PLACENCIA**, of having committed a criminal act(s), to wit: PL 145.00 01 Criminal Mischief Fourth Degree well knowing that Plaintiff committed no such criminal act(s) and were acting within the scope of their employment with the New York City Police Department, and Defendant, **CITY OF NEW YORK.**

32. That, upon information and belief, on or about March 5, 2012, Plaintiff, **JENNIFER PLACENCIA**, was arraigned, Plaintiff pled "not guilty" to the criminal charges against her, to wit: PL 145.00 01 Criminal Mischief Fourth Degree and Plaintiff was released upon her own recognizance with a Court date set for April 3rd, 2012 before the Queens County Criminal Court, at which time she received complete Dismissal and sealing of her record. Plaintiff, **JENNIFER PLACENCIA**, has no prior arrests.

33. That, under the circumstances herein, the New York City Police Department, and Defendant, **CITY OF NEW YORK**, falsely arrested, Plaintiff, **JENNIFER PLACENCIA**, and she sustained emotional overlay, stress, anxiety, humiliation, embarrassment, tension, and loss of employment opportunity, and that as a result of the foregoing, the Plaintiff, **JENNIFER PLACENCIA**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TWO HUNDRED THOUSAND ($200,000) DOLLARS.

## AS AND FOR A THIRD CAUSE OF ACTION
## FOR FALSE AND UNJUST DETENTION

34. That at all times herein mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained herein as though set forth at length herein.

35. That as a result of the foregoing, Plaintiff, **JENNIFER PLACENCIA**, was held and detained by Police officer(s), detective(s), agent(s) and/or employee(s) of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, against his will and without just or any cause and that the foregoing constitutes false and unjust detention of plaintiff.

36. That as a result of the foregoing negligence on behalf of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, Plaintiff, **JENNIFER PLACENCIA**, has sustained damages for serious personal injuries of mind as well as special damages and loss and/or diminution in his enjoyment of life, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TWO HUNDRED THOUSAND ($200,000) DOLLARS.

## AS AND FOR A FOURTH CAUSE OF ACTION
## FOR MALICIOUS PROSECUTION

37. That at all times herein mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained herein as though set forth at length herein.

38. That as a result of the foregoing, Police officer(s), detective(s), agent(s) and/or employee(s) of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, as well as prosecutors employed by Defendant **CITY OF NEW YORK**, instituted and maintained charges against plaintiff, **JENNIFER PLACENCIA**, when defendants knew that said charges were baseless, without merit or justification.

39. That the criminal proceeding against Plaintiff, **JENNIFER PLACENCIA,** were terminated in favor of Plaintiff, **JENNIFER PLACENCIA**, when the charge(s) were dismissed on or about April 3rd, 2012.

40. That the Defendants herein, instituted and/or encouraged criminal prosecution of Plaintiff, **JENNIFER PLACENCIA**, and that upon there being no basis for any of the criminal charges having been instituted in the first instance against Plaintiff, **JENNIFER PLACENCIA**, Defendants' actions constitute malicious prosecution.

41. That by reason of the foregoing negligence on behalf of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, Plaintiff, **JENNIFER PLACENCIA**, has been caused to sustain serious personal injuries of mind as well as special damages and loss and/or diminution in his enjoyment of life, and that as a result of the foregoing, the Plaintiff, **JENNIFER PLACENCIA**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TWO HUNDRED THOUSAND ($200,000) DOLLARS.

## AS AND FOR A FIFTH CAUSE OF ACTION
## FOR FALSE IMPRISONMENT

42. That at all times herein mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained herein as though set forth at length herein.

43. That as a result of the foregoing, Plaintiff, **JENNIFER PLACENCIA**, was held, detained and incarcerated by Police officers, detectives, agents and/or employees of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, as well as prosecutors employed by Defendant, **CITY OF NEW YORK**, against his will and without just or any cause.

44. That Police officers, detectives, agents and/or employees of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, as well as prosecutors employed by Defendant, **CITY OF NEW YORK**, intentionally confined Plaintiff, **JENNIFER PLACENCIA**, who was aware of such confinement, within the definite physical boundaries of a police precinct, criminal courthouse holding cell, jail cell, and/or other place of incarceration, with no reasonable means to contest said unlawful detention.

45. That as a result of the foregoing, Plaintiff, **JENNIFER PLACENCIA**, was falsely imprisoned by the defendants herein, against her will and without just or any cause.

46. That by reason of the foregoing negligence on behalf of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, Plaintiff, **JENNIFER PLACENCIA**, has been caused to sustain serious personal injuries of mind as well as special damages and loss and/or diminution in his enjoyment of life, and that as a result of the foregoing, the Plaintiff, **JENNIFER PLACENCIA**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TWO HUNDRED THOUSAND ($200,000) DOLLARS.

## AS AND FOR A SIXTH CAUSE OF ACTION
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

47. That at all times herein mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained herein as though set forth at length herein.

48. That as a result of the aforementioned extreme and outrageous conduct intentionally inflicted by Police officers, detectives, agents and/or employees of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, as well as prosecutors employed by Defendant, **CITY OF NEW YORK**, Plaintiff, **JENNIFER PLACENCIA**, suffered severe emotional and/or mental distress, including but not limited to emotional overlay, depression, stress, anxiety, humiliation, embarrassment and tension.

49. That as a result of the foregoing intentional, extreme and outrageous acts of the Defendants, Plaintiff, **JENNIFER PLACENCIA**, suffered severe emotional and/or mental distress, all of which may be permanent in nature, and that as a result of the foregoing, the Plaintiff, **JENNIFER PLACENCIA**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TWO HUNDRED THOUSAND ($200,000) DOLLARS.

## AND AS FOR AN SEVENTH CAUSE OF ACTION FOR
## VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C.A. §1983

50. That at all times herein mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained herein as though set forth at length herein.

51. That Defendants, in existence, employed, and/or acting under the color and authority of statutes, ordinances, regulations, customs, or usages of the State of New York, failed to follow proper procedures in their conduct towards, and treatment of Plaintiff,

13

JENNIFER PLACENCIA, due to negligent, intentional or reckless investigatory procedure, which was violative of Plaintiff's, **JENNIFER PLACENCIA**, right to due process and equal protection under the laws as guaranteed by the Constitution of the United States of America.

52. That by reason of the foregoing, Plaintiff, **JENNIFER PLACENCIA**, a citizen of the United States who had resided in the City, County and State of New York, was caused to be subjected to the deprivation of his rights, privileges, and immunities secured by the Constitution and laws of the United States pursuant to Title 42, Section 1983 of the United States Code.

53. That by reason of the foregoing negligence on behalf of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, Plaintiff, **JENNIFER PLACENCIA**, has been caused to sustain serious personal injuries of body and mind as well as special damages and loss and/or diminution in his enjoyment of life, and that as a result of the foregoing, the Plaintiff, **JENNIFER PLACENCIA**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TWO HUNDRED THOUSAND ($200,000) DOLLARS.

**WHEREFORE**, Plaintiff, **JENNIFER PLACENCIA**, demands judgment against Defendants, **CITY OF NEW YORK, POLICE OFFICER BRETT STRAUSS (ID# 943848), AND POLICE OFFICER JOHN/JANE DOE(S) #'S 1-3**, on each of the aforementioned causes of action, all of which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff demands judgment on each and every cause of action in a

sum not to exceed ONE MILLION TWO HUNDRED THOUSAND ($1,200,000) DOLLARS, together with costs and disbursements of this action.

Dated: New York, NY
November 6, 2012

Yours, etc.

_____
EVAN H. NASS, ESQ. (EN0857)

## ATTORNEY'S VERIFICATION

EVAN H. NASS, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney and member of NASS & ROPER LAW, LLP, attorneys for Plaintiff, JENNIFER PLACENCIA. I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorneys for the Plaintiff maintain their offices.

DATED: New York, New York
November 6, 2012

_____
EVAN H. NASS, ESQ. (EN0857)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JENNIFER PLACENCIA,

         Plaintiff,

– against –

CITY OF NEW YORK,
POLICE OFFICER BRETT STRAUSS (ID# 943848),
POLICE OFFICER(S) JANE/JOHN DOE(S) #1-3,
         Defendants.

## SUMMONS & VERIFIED COMPLAINT

NASS & ROPER LAW, LLP
*Attorneys for Plaintiff*
JENNIFER PLACENCIA
14 Penn Plaza, Suite 2004
New York, New York 10122
(718) 775-3246
Fax: (718) 775-3246*

---

* Not for service of papers.